1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JUAN MADRIGAL, JR., JUAN** ) <br> **MADRIGAL SR., LILLIA MADRIGAL**,) <br> ) <br> **Plaintiffs**, ) <br> ) <br> **v.** ) <br> ) <br> **STATE OF CALIFORNIA, et a.,** ) <br> ) <br> **Defendants**. ) <br> ————————————————————— ) | **CV F 06-0595 AWI SMS** <br><br> **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT BASMAJIAN'S MOTION TO DISMISS** <br><br> (Documents #11, #12, & #14) |

This action arises out of an incident in which Plaintiff Juan Madrigal, Jr. ("Juan Jr") was tasered by police officers.   The court has jurisdiction over Plaintiffs' civil rights causes of action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims. Pending before the court is Defendant Adam Basmajian's motion to dismiss two causes of action.

**BACKGROUND**

On May 26, 2006, Plaintiffs filed a complaint for damages.   The first cause of action alleges assault and battery for deploying tasers on Juan Jr. in front his parents, Plaintiffs Juan Madrigal Sr. ("Juan Sr.") and Lillia Madrigal ("Lillia").   The second cause of action alleges negligent supervision, hiring, training, and employee discipline.   The third cause of action alleges fraud and concealment.   The fourth cause of action alleges conspiracy to assault and batter Juan Jr.   The fifth cause of action alleges violations of the Federal Constitution.   The

sixth cause of action alleges a violation of California Civil Code § 52.1, *et sec.*   The seventh cause of action alleges negligent breach of a mandatory duty.   The eight cause of action alleges a violation of California Government Code § 845.6.   The ninth cause of action alleges a violation of California Civil Code § 51.7.

On August 14, 2006, Defendant Basmajian ("Basmajian") filed a motion to dismiss the second cause of action and third cause of action against him.   Plaintiffs did not file an opposition or any other response to Basmajian's motion.

## LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).

## ALLEGED FACTS

The complaint alleges that on or about May 18, 2005, the police were dispatched to the home of minor Brianna Murphy, then 15 years of age ("Brianna").   Defendant Watson and Defendant Basmajian were told that Brianna and her ex-boyfriend, Juan Jr., had broken up, but Juan Jr. had continued to call her to attempt reconciliation.   While at Brianna's home, Juan Jr. called Brianna's cell phone, and the call was intercepted by the police.   The complaint alleges that Juan Jr., not believing it was really the police, had an attitude over the telephone.   The

complaint alleges that after making Brianna sign a complaint, which she did not understand could result in Juan Jr.'s arrest, the officers proceeded to Juan Jr.'s home to discuss the phone calls with him in person.

The complaint alleges that the officers arrived in a fully marked patrol car, and the officers were  uniformed and armed.    The complaint alleges the officers asked Juan Jr. to come outside.    The complaint alleges that Juan Jr. told the officers that he did not understand why they were there, he and his girlfriend had just had a fight, which was typical in their relationship, his parents were at home, and he did not wish to go outside to discuss anything with them.  The complaint alleges that when the officers asked him to come outside again, Juan Jr. smartly responded "I don't want to come out there, where is your warrant."   The complaint alleges that the officers responded by firing point blank with tasers into Juan Jr.'s abdomen.    The complaint alleges that there was no warning, no notification that the officers were arresting Juan Jr., no request to speak to Juan Jr.'s parents, and no other threat to the officers.   The complaint alleges Juan Jr. fell into his own foyer.   The complaint alleges the officers then entered the home, stepped over Juan Jr., executed an additional contact tase into his back, and proceeded to knee Juan Jr. in the back, twist his arms, and drag him outside.   The complaint alleges the officers never informed Juan Jr. that he was under arrest for misdemeanor annoying phone calls or for any other charge, nor did the officers have an arrest warrant.   The complaint alleges that the officers' actions were partially racially motivated and partly motivated by Juan Jr.'s exercise of his constitutional rights.

The complaint alleges that the officers wrote their report in an attempt to justify the tasering of Juan Jr. by falsifying the police report to state that there was a knife on a table near the front door.   The complaint alleges that Juan Jr. could not have reached the knife and made no attempt to reach the knife.    The complaint alleges that Defendants made false statements with the intention of covering-up, concealing, and misrepresenting the true facts.

The complaint alleges Juan Sr. and Lillia were present at the house, heard the scream of

3

their son, and rushed to his aid.   The complaint alleges that Juan Sr. and Lillia watched the

police officers contact tase Juan Jr., injure their son, knee their son, twist his body to inflict more

pain, and then drag him out of the house, where they subsequently arrested him for resisting

arrest.

The complaint alleges that Watson and Basmajian at all relevant times were employees

and/or agents of the State of California, Patterson Police Services, and/or the Stanislaus Sheriffs'

Department.

The complaint alleges that the named Defendants possessed information and warnings of

prior abuses, uses of excess force, and histories of violence using tasers and physical force on

suspects.   The complaint alleges that Defendants possessed information and warnings regarding

the dangerous nature and limited recommended use of tasers.   The complaint alleges that

Defendants failed to properly hire, properly train and properly supervise officers regarding the

use of tasers.   The complaint alleges that Defendants failed to properly hire, properly train, and

properly supervise officers as to when and how to use physical force against a suspect.

The complaint alleges that Defendants knowingly and/or negligently hired, and failed to

supervise, train, and discipline  Watson and Basmajian.

**DISCUSSION**

Basmajian contends that the second cause of action and third cause of action should be

dismissed as to him.    Plaintiffs have not opposed Basmajian's motion.

**A.  Second Cause of Action - Negligent Hiring, Training, and Supervision**

The second cause of action alleges negligent supervision, hiring, training, and employee

discipline.   Basmajian contends that the complaint fails to allege that Basmajian had any

supervisory, hiring, or training responsibilities.

A plaintiff may state a claim for negligence under California law by alleging that (1) the

defendant had a legal duty to use due care, (2) the defendant breached that duty, (3) the plaintiff

suffered injury, and (4) the plaintiff's injury was caused by the defendant's breach.  <u>United States</u>

1  Liab. Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal.3d 586, 594 (1970).   "California case law

2  recognizes the theory that an employer can be liable to a third person for negligently hiring,

3  supervising, or retaining an unfit employee." Doe v. Capital Cities, 50 Cal.App.4th 1038, 1054

4  (1996); United States v. Sequel Contractors, Inc., 402 F.Supp.2d 1142, 1155 (C.D.Cal.,2005)

5  Liability is premised upon the fact that the employer either knew or should have known that the

6  employee created a particular hazard, and that type of hazard materialized.  Doe, 50 Cal.App.4th

7  at 1054.

8        Here, the complaint does not allege that Basmajian was a supervisor.   The complaint does

9  not allege Basmajian had any hiring, firing, or training responsibilities.   In fact, the complaint

10  alleges that Basmajian was the one who was not properly hired, supervised, trained, or

11  disciplined.    Based on the complaint's allegations, the complaint does not allege a state law

12  claim for negligent hiring, supervising, or retaining an unfit employee against Basmajian.  Thus,

13  the second cause of action is subject to dismissal as to Basmajian.

14        When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be

15  granted unless the district court determines that the pleading could not possibly be cured by the

16  allegation of other facts." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001) (internal

17  quotation marks omitted);  Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.  (9th Cir. 1996).

18  Basmajian requests that the court not give Plaintiffs leave to amend because Basmajian is the

19  allegedly unfit employee and not a supervisor.   While it appears Basmajian may be correct, the

20  court cannot find, based on the allegations in the complaint, that it would be impossible for

21  Plaintiffs to allege a cause of action against Basmajian for negligent supervision if additional facts

22  were alleged.  Although the court will allow Plaintiffs the opportunity to amend the second cause

23  of action as to Basmajian, Plaintiffs are advised that any amended complaint that includes such a

24  cause of action must be based upon a well-founded belief that a cognizable or arguable legal

25  theory exists that would support such a theory of liability.  See Fed. R. Civ. P. 11; Les Shockley

26  Racing Inc. v. National Hot Rod Ass'n, 884 F. 2d 504, 510 (9th Cir. 1989).

27

28                  5

**B.   Third Cause of Action – Fraud and Concealment**

The third cause of action alleges fraud and concealment.   Basmajian contends this cause of action is subject to dismissal as to Basmajian because  the complaint fails to allege that any fraud or concealment on the part of Basmajian was directed to Plaintiffs.

"The elements of fraud, which gives rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  Small v. Fritz Companies, Inc., 30 Cal.4th 167, 173 (2003); Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996); Anderson v. Deloitte & Touche, LLP, 56 Cal.App.4th 1468, 1474 (1997).   An intentional misrepresentation is "[t]he suggestion, as a fact, of that which is not true, by one who does not believe it to be true."  Masters v. San Bernardino County Employees Ret. Assn., 32 Cal.App.4th 30, 41-42 (1995).

The complaint does not allege that Basmajian made false statements to Plaintiffs. Rather, the complaint alleges that Basmajian made the false statements in his police report, which was presumably given to Basmajian's superiors, the district attorney, and the defense attorney. California courts recognize the principle of indirect misrepresentation, under which a knowingly false statement is still actionable even if made to a third person.  Whiteley v. Philip Morris Inc., 117 Cal.App.4th 635, 681 (2004);  Varwig v. Anderson-Behel Porsche/Audi, Inc., 74 Cal.App.3d 578, 580 (1977).  A defendant will not escape liability if he makes a misrepresentation to one person intending that it be repeated and acted upon by the plaintiff.  Geernaert v. Mitchell, 31 Cal.App.4th 601, 605 (1995).  American T. Co. v. California etc. Ins. Co., 15 Cal.2d 42, 67 (1940).  However, indirect misrepresentation **requires** that the defendant intend or have reason to expect that the false statement will be " repeated and acted upon by the plaintiff."  Lovejoy v. AT&T Corp., 92 Cal. App. 4th 85, 94-95 (2001) (emphasis added);  Geernaert v. Mitchell, 31 Cal.App.4th 601, 605-06 (1995); see also Whiteley v. Philip Morris Inc.,  117 Cal.App.4th at 681.

The complaint does not allege that Basmajian intended or expected the false statements in

6

the police report be acted upon by Plaintiffs.   In fact, the complaint alleges Basmajian intended that the false statements would be relied on by his superiors and others to cover up Defendants' actions.   Because the complaint does not allege Basmajian intended any Plaintiff to rely on Basmajian's alleged false statements, the complaint fails to state a claim for fraud.

The third cause of action against Basmajian is subject to dismissal.  Absent unusual circumstances, dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by amendment.   Chang, 80 F.3d at 1296.   While it appears unlikely that this cause of action can be cured by amendment, it might be possible if other facts are alleged. Accordingly, the third cause of action against Basmajian is dismissed with leave to amend.

## ORDER

Accordingly, based on the above memorandum opinion, the court ORDERS that:

      1.    Defendant Basmajian's motion to dismiss is GRANTED;

      2.    The second cause of action and third cause of action are DISMISSED as to Defendant Basmajian;

      3.    Plaintiffs may file an amended complaint within twenty days of this order's date of service.

IT IS SO ORDERED.

**Dated:    September 27, 2006**            **/s/ Anthony W. Ishii**
9h0d30                                                   UNITED STATES DISTRICT JUDGE

7