1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN MADRIGAL, JR., JUAN MADRIGAL SR., LILLIA MADRIGAL, | ) ) | CV F 06-0595 AWI SMS |
| Plaintiffs, | ) ) | MEMORANDUM OPINION AND ORDER ON DEFENDANT BASMAJIAN'S MOTION TO DISMISS THE FOURTH CAUSE OF ACTION |
| v. | ) ) | |
| STATE OF CALIFORNIA, et a., | ) ) | |
| Defendants. | ) ) | (Documents #28) |
| | ) | |

        This action arises out of an incident in which Plaintiff Juan Madrigal, Jr. ("Juan Jr") was tasered by police officers.   The court has jurisdiction over Plaintiffs' civil rights causes of action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims.

## BACKGROUND

        On May 26, 2006, Plaintiffs filed a complaint for damages.   On August 14, 2006, Defendant Basmajian ("Basmajian") filed a motion to dismiss the second cause of action and third cause of action against him.   Plaintiffs did not file an opposition or any other response to Basmajian's motion.   On September 28, 2006, the court granted Defendant Basmajian's motion to dismiss, dismissed the second cause of action and third cause of action as to Defendant Basmajian, and ordered that Plaintiffs could file an amended complaint within twenty days.

        On October 23, 2006, Plaintiffs filed an amended complaint.   The first cause of action alleges Defendants violated Plaintiffs' constitutional rights under the Fourth, Fifth, Eighth,

1  Ninth, and Fourteenth Amendments to the Constitution by depriving Plaintiff Juan Madrigal, Jr.

2  ("Juan Jr.") of his liberty interests without due process, conducted an unreasonable search,

3  seizure, detention, confinement, and arrest of Juan Jr., deprived Juan Jr. of his right to equal

4  protection under the law, and used excessive force on Juan Jr.   The second cause of action

5  alleges false arrest and imprisonment of Juan Jr. against all Defendants.   The third cause of

6  action alleges  assault and battery for deploying tasers on Juan Jr. in front his parents, Plaintiffs

7  Juan Madrigal Sr. ("Juan Sr.") and Lillia Madrigal ("Lillia").   The fourth cause of action alleges

8  malicious prosecution by all Defendants.     The fifth cause of action alleges a violation of

9  California Civil Code § 51.7 to be free from violence or intimidation by threats of violence.   The

10  sixth cause of action alleges a conspiracy by Watson and Basmajian to assault, batter, falsely

11  arrest, and imprison Juan Jr.   The seventh cause of action alleges intentional infliction of

12  emotional distress.   The eighth cause of action alleges negligent infliction of emotional distress.

13  The ninth cause of action alleges negligent hiring, training, and retention by Defendant County,

14  Stanislaus Sheriff's Department, the City of Patterson, and Patterson Police Services.

15         On November 15, 2006, Defendant Basmajian filed a motion to dismiss the fourth cause

16  of action.   Defendant Basmajian contends that under California law he is immune from a state

17  cause of action for malicious prosecution.   On November 27, 2006, Plaintiffs filed an

18  opposition.   Plaintiffs contend that their malicious prosecution cause of action is not brought

19  under California law.  Rather, Plaintiffs contend that they are proceeding on a civil rights

20  violation for malicious prosecution under the Federal Constitution.   On December 11, 2006,

21  Defendant Basmajian filed a reply.   Defendant Basmajian contends that nothing in the fourth

22  cause of action indicates it is an additional civil rights cause of action and not a state law cause of

23  action for malicious prosecution.

24  **LEGAL STANDARD**

25         A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil

26  Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the

27

28                                     2

1  claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing

2  Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d

3  696, 699 (9th Cir. 1990).  A Rule 12(b)(6) dismissal can be based on the failure to allege a

4  cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.

5  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  In considering a

6  motion to dismiss, the court must accept as true the allegations of the complaint in question,

7  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in

8  the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's

9  favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).

10     Absent unusual circumstances, dismissal without leave to amend is improper unless it is

11 clear that the complaint could not be saved by amendment.   Chang v. Chen, 80 F.3d 1293, 1296

12 (9th Cir.  (9th Cir. 1996).   "If a complaint is dismissed for failure to state a claim, leave to amend

13 should be granted unless the court determines that the allegation of other facts consistent with the

14 challenged pleading could not possibly cure the deficiency."  Schreiber Distributing Co. v.

15 Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

16                          **ALLEGED FACTS**

17     The amended complaint's alleged facts are known to the parties and not particularly

18 relevant to the issue in the pending motion.   Thus, the amended complaint's facts are merely

19 summarized here.

20     The complaint alleges that Defendants Watson and Basmajian arrived at Juan Jr.'s house

21 and asked Juan Jr. to come outside.   The complaint alleges that when Juan Jr. refused, the

22 officers fired tasers into Juan Jr.'s abdomen.   The complaint alleges the officers then entered the

23 home and tased him again.   The complaint alleges Watson and Basmajian then forcibly and

24 physically removed Plaintiff and placed him into their patrol car, where he was transported to the

25 City of Patterson Police Station and jailed.

26     The complaint alleges that the officers wrote their reports in an attempt to justify the

27

28                                      3

tasering of Juan Jr. by falsifying the police report to state that there was a knife on a table near the front door.   The complaint alleges that Juan Jr. could not have reached the knife and made no attempt to reach the knife.    The complaint alleges that Defendants made false statements with the intention of covering-up, concealing, and misrepresenting the true facts.

**DISCUSSION**

Defendant Basmajian contends that the fourth cause of action for malicious prosecution should be dismissed as to him because he is entitled to immunity.   California Government Code § 821.6 states:   "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."   Section 821.6 grants absolute immunity to public employees for liability arising from malicious prosecution.   Asgari v. City of Los Angeles, 15 Cal.4th 744, 756-57  (1997); Sullivan v. County of Los Angeles, 12 Cal.3d 710, 719-22 (1974).   Thus, Defendant Basmajian has immunity from Plaintiffs' state law cause of action for malicious prosecution.

In their opposition, Plaintiffs do not contend that they can proceed with a malicious prosecution cause of action against Defendant Basmajian under state law.   Rather, Plaintiffs claim their fourth cause of action for malicious prosecution is brought as a federal civil rights violation and not under state tort law.

A claim for malicious prosecution in violation of the Federal Constitution can be brought pursuant to 42 U.S.C. § 1983.   In order to succeed on a malicious prosecution claim under 42 U.S.C. § 1983, the plaintiff must show (i) tortious conduct under the elements of state law, and (ii) intent to deprive the individual of a constitutional right. Poppell v. City of San Diego, 149 F.3d 951, 961 (9th Cir. 1998). "In California, the elements of malicious prosecution are (1) the initiation of criminal prosecution, (2) malicious motivation, and (3) lack of probable cause." Usher v. City of Los Angeles, 828 F.2d 556, 562 (9th Cir.1987); see also Singleton v. Perry, 45 Cal.2d 489, 289 P.2d 794, 798 (Cal.1955).   Because malicious prosecution, by itself, does not

1  constitute a due process violation, to prevail on a malicious prosecution claim under the

2  Constitution the plaintiff must show that the defendants prosecuted him with malice and without

3  probable cause, and that they did so for the purpose of denying him equal protection or another

4  specific constitutional right.  Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004)

5  Freeman v. City of Santa Ana,  68 F.3d 1180, 1189 (9th Cir. 1995);  Bretz v. Kelman, 773 F.2d

6  1026, 1031 (9th Cir.1985) (en banc).

7       Nothing in the fourth claim indicates that it is being brought under the Federal

8  Constitution as opposed to state law.   While the amended complaint may allege the prosecution

9  was with malice and without probable cause, there are no allegations that Defendant Basmajian

10  prosecuted Juan Jr. for the propose of denying him of his equal protection rights or some other

11  constitutional right.   The court does note that the first cause of action alleges Defendants

12  unreasonably seized, arrested, detained, and confined Plaintiff in violation of the Fourth and

13  Fourteenth Amendments and violated Plaintiffs rights to equal protection and his freedom from

14  unnecessary or excessive force under the Fourth, Fifth Eighth, Ninth, and Fourteenth

15  Amendments.   Nothing in the list of constitutional violations found in the first cause of action

16  includes the constitutional violation of malicious prosecution.   Given the first cause of action's

17  failure to mention malicious prosecution and the fourth cause of action's failure to mention that

18  the malicious prosecution was done for the purpose of denying Juan Jr. some constitutional right,

19  the court finds no malicious prosecution claim in violation of the Federal Constitution is

20  contained in the amended complaint.   The only reference to malicious prosecution is found in

21  the fourth cause of action, and this cause of action references only state law, for which all parties

22  agree Defendant Basmajian is immune.

23       Accordingly, the fourth cause of action for malicious prosecution in violation of

24  California law must be dismissed as to Defendant Basmajian.   When dismissing a complaint, the

25  Ninth Circuit has stated that "leave to amend should be granted unless the district court

26  determines that the pleading could not possibly be cured by the allegation of other facts."

27

28                                         5

Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001) (internal quotation marks omitted). Because it appears that with amendment the complaint could state a malicious prosecution claim in violation of the Federal Constitution, the fourth cause of action will be dismissed with leave to amend.

## ORDER

Accordingly, based on the above memorandum opinion, the court ORDERS that:

1.    Defendant Basmajian's motion to dismiss is GRANTED;

2.    The fourth cause of action is DISMISSED as to Defendant Basmajian;

3.    Plaintiffs may file a second amended complaint within twenty days of this order's date of service.

IT IS SO ORDERED.

**Dated:    December 21, 2006**              _____/s/ Anthony W. Ishii_____
0m8i78                                       UNITED STATES DISTRICT JUDGE

6